UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KIERRA MACHAE DUNMORE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EXPERIAN INFORMATION )<br>SOLUTIONS INC., *et al.*, )<br>)<br>Defendants. | Cause No. 2:24-CV-225-PPS-JEM |

## OPINION AND ORDER

In this case brought under the Fair Credit Reporting Act, Magistrate Judge Martin recently denied the plaintiff's motion to compel a certain category of discovery [DE 52], and she now seeks review of that decision. [DE 55]. For the reasons explained below, Dunmore's Motion to Review is denied.

## Background

Kierra Dunmore originally brought claims against three defendants: Experian, Equifax Information Services, LLC, and RentGrow, Inc. All three defendants were alleged to have violated the Fair Credit Reporting Act. [*See* DE 1]. Equifax and RentGrow have settled their claims with Ms. Dunmore and are no longer parties to the case. [*See* DE 25; DE 42]. Experian remains as the sole defendant.

The facts underlying the allegations against Experian are relatively straightforward. In March 2024, Dunmore completed and submitted a lease application to Homewood Village to rent an apartment there. [DE 1 at 25]. Dunmore tells me that as

part of the tenant screening process, Homewood Village contracted with a third party to obtain a consumer report about her. This consumer report was obtained from Experian. [*Id*. at 26]. Dunmore alleges that the consumer report obtained from Experian contained accounts and identification information that did not belong to her but belonged to her twin brother instead. [*Id*.] Dunmore claims that Experian mixed her file with that of her twin brother's and that the consumer report sold to the third party contained information pertaining to her twin brother and not her. [*Id*.] As a result of Experian's inaccurate reporting, Dunmore claims Homewood Village denied her housing application. [*Id*. at 29].

On July 1, 2024, Dunmore brought this suit alleging violations of various provisions of the Fair Credit Reporting Act. [*See* DE 1]. The case has proceeded through discovery, and on April 24, 2025, Dunmore filed a motion requesting the Court order Experian to produce its "Admin Handbook" and "Matching Algorithm." [DE 40]. Experian has since produced the Admin Handbook leaving only the issue of the production of the Matching Algorithm. [DE 52 at 3]. On June 11, 2025, Magistrate Judge Martin denied Dunmore's motion to compel Experian to produce its Matching Algorithm, and Dunmore now seeks review of that order. [DE 52; DE 55].

## Discussion

When a district judge assigns pretrial discovery matters to a magistrate judge that are not dispositive of a claim or defense, the magistrate judge's decision may be set aside only if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C.

§636(b)(1)(A); *Hassebrock v. Bernhoft*, 815 F.3d 334, 340 (7th Cir. 2016). Under the clear error standard, the court can "overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Hall v. Menard, Inc.*, 2023 WL 6555499, at *2 (S.D. Ind. Sept. 19, 2023) (quoting *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997)). As this Court has stated previously, clear error is an "extremely deferential standard of review." *Huizar v. Experian Info. Sols., Inc.*, 2025 WL 830540, at *2 (N.D. Ind. Mar. 17, 2025).

In this instance, there isn't a hint of clear error. Dunmore has made no mention of any potential errors or mistakes Judge Martin made when issuing his ruling. Instead, she focuses on the relevancy of Experian's Matching Algorithm, the protections provided by the protective order, and the fact that trade secrets are not exempt from discovery. [DE 55 at 6-9]. Experian does not dispute the relevancy of the Matching Algorithm and Judge Martin did not doubt the relevancy of the Matching Algorithm in his ruling. Although the Matching Algorithm is relevant to the issues in this case, Judge Martin determined that the probative value of the Matching Algorithm, considering the other evidence already produced in the case, is outweighed by the potential harm to Experian from sharing its trade secrets. [DE 52 at 4]. Dunmore has failed to show where Judge Martin went wrong in arriving at that conclusion.

Dunmore does not dispute that the Matching Algorithm qualifies as a trade secret. [DE 55 at 8]. And while trade secrets are not excepted from discovery, courts should exercise discretion to avoid the unnecessary disclosure of such information.

*AutoMed Techs., Inc. v. Eller*, 160 F. Supp. 2d 915, 925 (N.D. Ill. 2001). The discovery sought in federal litigation should not only be relevant but "proportional to the needs of the case." *Avenatti v. Gree USA, Inc.*, 2022 WL 2439999, at *2 (S.D. Ind. July 5, 2022); *Generation Brands, LLC v. Decor Selections, LLC*, 2020 WL 6118558, at *4 (N.D. Ill. Oct. 16, 2020). The production of the Matching Algorithm is unnecessary here. Experian has already provided Dunmore with information about her credit file, Experian's internal processes and procedures, Experian's manuals with reporting codes and credit industry reporting codes, Experian's report showing all information in its system about Dunmore, Experian's internal procedures guide for processing consumer disputes and related to mixed or merged files and explained its matching criteria and how they were applied in this matter. [DE 52 at 2]. As explained in Experian's brief opposing the instant motion, Dunmore deposed Experian's Rule 30(b)(6) Representative, Christina Hamilton. Among other designated topics, Ms. Hamilton testified about "Experian's policies and procedures for preventing mixed files" and "Experian's policies and procedures for matching the Mixed Information to Plaintiff's credit files." [DE 57 at 3].

In his ruling, Judge Martin pointed out that Dunmore has all the evidence she needs to "establish what happened, how it happened, and what losses she incurred." [DE 52 at 4]. As Experian has explained, Dunmore and her twin brother obviously share the same birthday. But additionally, they also share almost the exact same name. The plaintiff's full name is Kierra Machae Dunmore; her brother's is Kierre Machone Dunmore. What's more, they also share similar prior addresses and similar social

4

security numbers. [DE 57 at 1]. Considering the evidence already produced in discovery, requiring the production of Experian's technical mathematical Matching Algorithm is not proportional to the needs of the case. An esoteric algorithm is, frankly, not needed to understand how the mix-up between Ms. Dunmore's credit file and her twin brother's occurred. *See e.g.*, *Garrett v. Experian Info. Sols., Inc.*, 2025 WL 1510558, at *2 (N.D. Fla. May 27, 2025) (explaining that the mix-up of twin credit files was not unreasonable where the twins' information was "remarkably similar").

Experian has also explained that producing the Matching Algorithm would be burdensome as the algorithm is "highly technical source code embedded in Experian's File One database." [DE 57 at 9]. The Matching Algorithm requested here not only risks the exposure of trade secrets but is also a hassle to hand over. It is not clear error to limit discovery where there are less burdensome means to obtain the information sought. *Burton v. Ruzicki*, 258 F. App'x 882, 886 (7th Cir. 2007) ("The district court may limit discovery if the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.").

Dunmore argues that the concerns that Experian will be prejudiced or harmed by the production of its Matching Algorithm are alleviated by the protective order in the case. [DE 55 at 7-8]. While the protective order and its confidentiality designations of "Confidential" and "Attorney's Eyes Only" do provide some protection against the Matching Algorithm being used in a widespread or detrimental manner, the risk of such a use, even if small, is not justified considering the needs of the case. Dunmore

5

must clear a high hurdle to show a clear error in Judge Martin's decision. *Finwall v. City of Chicago*, 239 F.R.D. 504, 506 (N.D. Ill. 2006) (explaining that it is "extremely difficult" to justify alteration of the magistrate judge's non-dispositive actions). She has failed to do so here.

**ACCORDINGLY**:

Plaintiff's Objection to the Magistrate Judge's Order Denying the Plaintiff's Motion to Compel Defendant Experian Information Solution, Inc.'s Compliance with Plaintiff's Post EBT Discovery Demands [DE 55] is **DENIED**.

**SO ORDERED**.

ENTERED: August 13, 2025.

 /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT