**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| KIERRA MACHAE DUNMORE,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; and RENTGROW, INC.,<br><br>Defendants. | ) | Cause No. 2:24-cv-225 |

**OPINION AND ORDER**

On July 28, 2026, I granted summary judgment in favor of Experian Information Solutions. [DE 103.] On August 25, 2026, after receiving an extension of time to file, Experian filed a bill of costs in the amount of $8,961.80. On September 8, 2026, Plaintiff Kierra Machae Dunmore filed an objection to various line items in the bill of costs. On September 15, 2026, Experian filed a brief reply to the objection that included a corrected invoice.

Pursuant to Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The recoverable costs are delineated in 28 U.S.C. § 1920. Plaintiff's objection is filed in the form of a chart, in which she lists the line item being objected to, then provides a brief explanation for why she believes it is not a permissible cost. In particular, she objects to six different items for a variety of reasons. I will briefly discuss each below.

**Objection 1**

Plaintiff's first objection is to the invoice for a deposition of a named party in the case. In particular, Plaintiff objects to a $25 "E-Tran/E-File" charge and a $20 charge for "assembly and handling." [DE 110.] Plaintiff asserts that these charges are not allowed because "delivery, handling, and electronic file charges are items of convenience, not necessity[.]" *Id.* The charges lack much in the way of explanation, but Experian does not contest that the "E-Tran/E-File" charge is a delivery charge. [DE 111.] While there are scenarios where delivery charges are taxable, the general rule is that they are not. *See, e.g., Ramirez v. Illinois Dept. of Human Servs.*, 2015 WL 1593876, at *4 (N.D. Ill. April 2, 2015) (holding that "[g]enerally postage, shipping, and delivery costs" may "not be charged in relation to obtaining transcripts.") (collecting cases) (internal quotation marks omitted); *J&J Sports Prods. Inc. v. Richard*, 2019 WL 10784501, at *1 (N.D. Ill. Sept. 16, 2019) ("I also decline to tax deposition expenses that are for attorney convenience (exhibit scanning and delivery charges).").

The Seventh Circuit has held that a district court has discretion to tax delivery charges incidental to the taking of a deposition when the charges are "reasonably necessary." *Ramirez*¸2015 WL 1593876, at *1 (citing *Finchum v. Ford Motor Co.,* 57 F.3d 526, 534 (7th Cir.1995)). However, if the party seeking the reimbursement does not explain why it was reasonably necessary, the general rule that such an expense is not taxable stands. *Id.* Here, Experian did not explain the circumstances around the charge, much less why it is necessary. Instead, Experian simply argued in a brief, conclusory fashion that such charges are taxable. So, the $25 delivery charge will not be taxed.

As for the $20 assembly and handling charge, that appears to be different from a delivery charge, and I do not see how such a cost to assemble the transcript would *not* be necessary here. Plaintiff provides a case cite for her objection to these charges, but the case primarily concerns delivery charges, not the assembly costs for deposition transcripts. *Hunt. Const. Group, Inc. v. Allianz Global Risk U.S. Ins. Co.*, 2007 WL 2316460 (S.D. Ind. Aug. 7, 2007). This $20 charge will be taxed.

Plaintiff also objects to this item to "to the extent the copy rate exceeds the Judicial Conference maximum[.]" [DE 110.] The cost of each page was $3.60. [DE 108-2.] This is within the rate allowed by the Judicial Conference for original 30-day transcripts. *Ardon v. Garland*, 2026 WL 1048244, at *4 (C.D. Ca. Mar. 26, 2026) (stating that the "Judicial Conference of the United States currently sets" the "transcript rate at $4.40 per page for a 30-day transcript."). The per-page transcript fee will thus be taxed.

**Objection 2**

Plaintiff's second objection is to charges related to another deposition transcript. She objects to a "virtual proceeding" surcharge of $64.40, a "secure hosting and delivery of Veritext file suite" charge of $30, and a "Veritext virtual primary participants" charge of $160. Neither party discusses the details of these charges, but Plaintiff asserts that charges relating to remotely hosting proceedings are costs of convenience that are not taxable. To support this, Plaintiff once again cites to *Hunt*, a case that has nothing to do specifically with remote proceedings or virtual hosting costs. *Hunt,* 2007 WL 2316460. However, the Court is aware of the caselaw on this subject.

Where a party provides an explanation as to why the deposition was done remotely and what the additional remote charges are for, these charges are generally taxable. However, if a party does not explain why they are reasonably necessary, they are not taxable. *Avanzalia Solar, S.L. v. Goldwind USA, Inc.*, 2023 WL 5804232, at *6 (N.D. Ill. Sept. 7, 2023) (denying costs associated with remote depositions where the requestor "provided almost no explanation as to what the various charges in this category represent and why each was reasonably necessary to conducting a remote deposition"); *Socha v. City of Joliet*, 2023 WL 7003430, at *3 (N.D. Ill. Oct. 24, 2023) ("Defendants have not attempted to explain what the web conferencing charges related to or why they were reasonably necessary."). Here, Experian provided no explanation for this remote deposition at all, so these charges, collectively amounting to $254.40, will not be taxed.

Plaintiff also objects to the original transcript fee, which was $4.45. Indeed, this appears to be higher than the Judicial Conference rate by 5 cents per page. The invoice also included an additional $0.35 surcharge for each page due to it being virtual. Under Seventh Circuit precedent, the Judicial Conference rate is the maximum amount that is taxable absent "a showing that a departure is warranted." *Escamilla v. United States*, 62 F.4th 367, 376 (7th Cir. 2023). Experian dedicates one sentence in its brief to discussing all of the per-page charges, and merely states, without citation, that all of the per-page charges were consistent with prevailing market rates. This is not a sufficient explanation for a departure, so the amount will be reduced by 5 cents per page and the 35-cent surcharge per page will also be removed, for a total reduction of $73.60.

**Objection 3**

Plaintiff's third objection relates to another invoice. Plaintiff objects that the charges include a $57 charge for a rough draft and another $20 assembly and handling charge. Rough drafts are generally not taxable, and Experian has not provided a good explanation for why it should be in this case. *DSM Desotech, Inc. v. 3D Systems Corp.*, 2013 WL 3168730, at *4 (N.D. Ill. June 20, 2013). Thus, the $57 charge will not be taxed. For the reasons stated above, however, the assembly and handling charge included for the production of the original transcript will be taxed.

**Objection 4**

Plaintiff objects to the $3,400 cost of Experian's deposition of Plaintiff's expert witness. In particular, this charge was for Plaintiff's expert's hourly fee for preparing and attending the deposition. Plaintiff seems to be arguing that, under 28 U.S.C. § 1920, only charges related to court-appointed experts are taxable and that § 1821 caps witness fees to $40 per day. Experian argues that the deposition was necessary under Rule 26(b)(4)(E), so the charges are taxable as necessary "other costs[.]" [DE 111.]
While Experian provided no case law for its argument here, it appears to be correct that this is taxable.

When a party pays an opposing expert under Rule 26 to take their reasonably necessary deposition, Seventh Circuit jurisprudence supports that that is taxable so long as the fee is reasonable (reasonableness of the fee not limited by § 1821). *See Halasa v. ITT Educ. Servs., Inc.*, 690 F.3d 844, 852 (7th Cir. 2012) (allowing a party to recover expert fees associated with deposition and finding that "certain expenses and fees associated

with experts are not capped by § 1821 when recovered under Rule 26."); *see also Abernathy v. Eastern Illinois Railroad Co.*, 940 F.3d 982, 994-95 (7th Cir. 2019) (distinguishing between costs incurred deposing one's own expert witness, which is not recoverable, from reasonable costs incurred deposing an opposing party's witness). Finding the expert witness fee here of $400 an hour reasonable, this is fully taxable.

**Objection 5**

Plaintiff objects to a $515.10 charge associated with another transcript because it is not itemized. "However, a party is not required to provide line-by-line itemization to recover their costs. Rather, litigants are only required to provide 'the best breakdown obtainable from retained records.'" *Wells v. Freeman Co.*, 2024 WL 1609422, at *2 (S.D. Ind. Jan. 16, 2024) (quoting *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.,* 924 F.2d 633, 643 (7th Cir. 1991)). This appears to be the invoice as Experian received it, and it is not so peculiar an amount that I would require more here. This is taxable in its full amount.

**Objection 6**

Plaintiff objected to an additional charge here because it lacked proper documentation. In its reply, Experian admitted that it failed to attach the proper documentation, but supplemented the record with a correct invoice supporting that this charge is related to a transcript and is for a total of $2,849.25. However, certain charges related to the deposition relate to virtual deposition surcharges and an "intelligent summary" for Experian. Experian has not explained, and I do not otherwise know, why these additional remote deposition charges or this "intelligent summary," which

together cost $250 of the total, were necessary and not simply for convenience. In accordance with the caselaw laid out above, this amount is not taxable.

**Conclusion**

I have considered Plaintiff's objections, and for the reasons stated above, Experian's bill of costs is reduced from $8.961.80 to $8,301.80, and I hereby **ORDER** Plaintiff to pay Defendants' costs in that amount.

SO ORDERED.

ENTERED: October 1, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT