**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| KIERRA MACHAE DUNMORE,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; and RENTGROW, INC.,<br><br>Defendants. | ) | Cause No. 2:24-cv-225 |

**<u>OPINION AND ORDER</u>**

On July 28, 2026, I granted summary judgment in favor of Experian Information Solutions in this case. [DE 103.] On August 25, 2026, after receiving an extension of time to file, Experian filed a bill of costs in the amount of $8,961.80. On September 8, 2026, Plaintiff Kierra Machae Dunmore filed an objection to various line items in the bill of costs, which Experian replied to on September 15, 2026. On October 1, 2026, I issued an order on the objections that reduced the bill of costs from $8,961.80 to $8,301.80. [DE 112.]

On October 15, 2026, Plaintiff's counsel filed a motion titled as a "motion for relief from taxation of costs" or "alternatively, to alter or amend the costs order." [DE 114, 1.] Plaintiff is not arguing that I made a mistake in my bill of costs order. *Id.* Instead, Plaintiff's new motion "presents a different question: whether Dunmore's inability to pay warrants relief from the award. It does not ask the Court to revisit its line-item rulings." *Id.*

Plaintiff's counsel recognizes that this request is untimely. First, the Court gave Plaintiff until September 9, 2026, to file an objection. [DE 109.] Plaintiff did file objections which this Court considered, and indigency was not one of those objections. After the Court ruled on the objections, the Clerk of Court taxed the correct bill of costs. [DE 113.] Second, from the time the bill of costs was taxed, Plaintiff had seven days under Federal Rule of Civil Procedure 54(d) to seek review of the clerk's action. Plaintiff's counsel filed the present motion after that deadline. [DE 114.] Plaintiff argues that, while the motion is untimely, under Federal Rule of Civil Procedure 6(b)(1)(B) I should equitably toll the deadline. [DE 114, 4; DE 116, 1.]

To toll a deadline on a motion made after the deadline has passed, I would need to find that the failure was due to excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is an equitable standard that requires the court to consider all of the relevant circumstances including the reason for the delay, whether the cause of the delay was within the reasonable control of the movant, prejudice, length of delay, and the impact on judicial proceedings. *Neurology & Pain Mgmt. Assocs., P.C. v. Bunin*, 2021 WL 9474268, at *4 (N.D. Ind. Nov. 15, 2021).

Plaintiff's counsel's sole grounds for equitable tolling is that he misunderstood when the filing deadline was. [DE 114, 5 ("The delay resulted from counsel's mistaken understanding that the period for seeking review of the Clerk's taxation was fourteen days rather than seven.").] This is simply an insufficient reason to find excusable neglect in this case. *Peters v. Wal-Mart Stores East, LP*, 512 Fed. Appx. 622, 628 (7th Cir. 2013)

("Generally, the failure to apprehend the operative federal rules is no excuse for noncompliance.") (collecting cases).

No case cited by Plaintiff's counsel finds excusable neglect to toll the deadline for a motion for relief from a bill of costs. Plaintiff cites *Lymon v. CSX Transp., Inc.*, where a *pro se* plaintiff belatedly filed a motion for relief from the taxation of costs and, plaintiff argues, the court still chose to consider the order. 2025 WL 2856818 (N.D. Ind. Oct. 8, 2025). *Lymon* does not discuss excusable neglect or equitable tolling at all and simply dismissed the motion for failing to show indigency. *Id.* The fact that the court chose to deny the motion on a separate, dispositive ground is not a tacit endorsement that the deadline was properly tolled.

Plaintiff also cites to *Crue v. Aiken*, a Seventh Circuit opinion from 2004 that affirmed a finding of excusable neglect where movant filed a motion for attorney's fees one day late due to a miscalculation of the deadline. 370 F.3d 668, 681 (7th Cir. 2004). First, the Circuit reviews findings of excusable neglect for abuse of discretion, as the Circuit affords district court judges "particular deference" due to their personal knowledge of the circumstances in any given case. *Id.* Second, the delay in that case was "as short as possible—one day." *Id.* In this case, the delay was not as short as possible. Third, and most importantly, the Seventh Circuit has since cautioned that, despite *Crue*, "a simple case of miscalculation of a deadline *generally* is not a sufficient reason to extend time." *Lewis v. School Dist. #70*, 523 F.3d 730, 740 (7th Cir. 2008) (quoting *Marquez v. Mineta,* 424 F.3d 539, 541 (7th Cir. 2005) then citing *Crue v. Aiken* with the *but see*

signal) (emphasis added). There are scenarios where a mistake by counsel can constitute excusable neglect, but this is not that case.

This is not a situation where the movant merely missed a deadline by a day. Plaintiff had the opportunity to object to the bill of costs, *did* object to certain line items, the objections were fully briefed, and I issued a detailed ruling on the objections. This issue could have been raised with that objection or within seven days of the taxation of the bill of costs. It was not, and now Plaintiff's counsel is making this new argument after the deadline and asking me to "resolve any procedural obstacle" that gets in its way. [DE 114, 2.] I also note that this is not a situation where the non-movant is trying to get out of a case or, like in *Crue*, avoid having to pay fees because a motion was a day late. Much the opposite, Experian prevailed on the merits, and is merely pursuing costs that, as a general rule, they are owed. As other courts in this circuit have recognized, "deadlines matter[.]" *Mcurtry v. Obaisi*, 2020 WL 3843566 (N.D. Ill., July 8, 2020). A mistake by an attorney as to a deadline is generally not a sufficient reason to find excusable neglect, and I do not find that this case should be an exception to that rule.

In the alternative, Plaintiff argues that I consider this motion a motion for reconsideration under Rule 59(e). A motion for reconsideration is appropriate to correct a manifest error of fact or law, to present newly discovered evidence, or to consider a significant change in the law that arose since the submission of the original issue to the court. *Range v. Brubaker*, 2009 WL 102430, at *1 (N.D. Ind. Jan. 13, 2009); *Mindell v. Kronfeld*, 2004 WL 1595334, at *1 (N.D. Ill. July 15, 2004). Plaintiff's counsel admits he did not make this argument before and thus does not argue that I made a manifest error

by not considering it. He also specifically states that the declaration he now provides from his client is not newly discovered evidence. [DE 114, 5 ("Dunmore does not contend that previously available financial facts become newly discovered because they are now presented in a declaration."). He also points to no significant change in the law. This motion presents no proper avenue for reconsideration, and Plaintiff's counsel largely abandoned this argument in his reply. Relief will not be granted on this basis.

Lastly, I note that Experian has argued that, even if I were to find that Dunmore is indigent, I should order her counsel to pay the costs. I will not *make* Plaintiff's counsel pay the fee; however, I note that there is nothing stopping them from doing so. Plaintiff's counsel's law firm, Consumer Justice Law Firm PLC, markets "No Justice, No Fee" on the home page of its website, and there is an easy way for them to fulfill that to ensure there is no fee for Ms. Dunmore here. Under the model rule adopted by essentially every state, including Indiana, counsel may pay costs and expenses of litigation on behalf of an indigent client. *See, e.g.,* Ind. R. Prof. Cond., R. 1.8(e)(2). Plaintiff's counsel has argued, and appears to have a good faith belief, that Ms. Dunmore is indigent. So, under the rules of professional conduct, Consumer Justice Law Firm PLC may cover these costs.

The motion [DE 114] is DENIED.

SO ORDERED.

ENTERED: November 10, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT